UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| K. R. JONES, | Civil No. 12-623 (MJD/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN JETT,<br>Federal Medical Center,<br>Rochester, Minnesota, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be transferred to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1631.

## I. BACKGROUND

Petitioner is a federal prisoner, but his current habeas corpus petition does not challenge the conviction and sentence for which he is in prison. Instead, Petitioner is claiming that he has been wrongly deprived of certain "good time credits," and as a result, the federal Bureau of Prisons, ("BOP"), intends to keep him in prison beyond the date when he should be released. Petitioner is seeking a writ of habeas corpus that would compel the BOP to reinstate his lost good time credits, and move up his projected release date.

The incidents that caused Petitioner to lose the good time credits at issue in this

case allegedly occurred in 2010, while he was confined at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). However, Petitioner was subsequently transferred to the Butner Federal Correctional Complex in Butner, North Carolina, ("FCC-Butner"), and he was still confined there when he filed his current petition. Because Petitioner was not confined in Minnesota when he commenced this action, the District of Minnesota does not have jurisdiction in this matter.

## II. DISCUSSION

A habeas corpus petition normally must be filed in the district court where the petitioner is confined. This is so, because in most cases a writ of habeas corpus is directed to the petitioner's immediate custodian, who normally is the warden or chief executive official at the institution where the petitioner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). As a general rule, a federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed. See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). It follows that "a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated." United

2

States v. Chacon-Vega, 262 Fed.Appx. 730, 731 (8th Cir. 2008).

In this case, Petitioner improperly filed his habeas corpus petition in a district other than the district in which he is currently confined. Because Petitioner is confined at FCC-Butner, he should have filed his petition in the Eastern District of North Carolina, where FCC-Butner is located. The District of Minnesota lacks jurisdiction in this case, because Petitioner was not confined in this District when he commenced this action. See United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (habeas corpus petition was not properly filed in the Eastern District of Missouri, because petitioner was not confined in that district at the time); Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (district court correctly concluded that it lacked jurisdiction to hear habeas petition challenging the manner in which petitioner's sentence was being executed, because petitioner was confined in a different district); Propotnik v. Putman, 538 F.2d 806, 807 (8th Cir.1976) (district court lacked jurisdiction over § 2241 habeas petition filed by petitioner who was incarcerated in another district when the petition was filed); Schmitt v. Brennan, No. 94-1558 (8th Cir. 1994), 1994 WL 517256 (unpublished opinion) at * 1 (district court lacked jurisdiction to entertain § 2241 habeas corpus petition challenging the execution of petitioner's sentence, because petitioner "did not... file the action in the district in which he was then confined").

Because the District Court for the District of Minnesota lacks jurisdiction in this matter, Petitioner's current habeas corpus petition cannot be heard and decided here. However, the Court will not recommend that this action be dismissed for lack of jurisdiction. The Court finds that the interests of justice would be better served by transferring this

matter to the proper district pursuant to 28 U.S.C. § 1631.[1]  The Court will therefore recommend that the Clerk of Court be directed to transfer this case to the United States District Court for the Eastern District of North Carolina.

After the case has been transferred, the transferee court can determine:

(a) whether there should be a substitution of parties, so that Petitioner's current custodian becomes the named Respondent in this case;

(b) whether Petitioner should be allowed to proceed in forma pauperis, (see Docket No. 2);

(c) whether Petitioner's pending "Motion To Be Allowed To Request Copies," (Docket No. 3), should be granted; and

(d) whether the named Respondent should be ordered to file a response to Petitioner's habeas corpus petition.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this case to the United States District

---

[1] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Court for the Eastern District of North Carolina.

Dated: March 22, 2012

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 5, 2012.